UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRON NYGENE HART,<br>Plaintiff,<br>v.<br>SCOTT KERNAN, et al.,<br>Defendants. | Case No. 19-04331 EJD (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND SERVICE; DENYING MOTION FOR APPOINTMENT OF COUNSEL; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK**<br><br>(Docket No. 6) |

Plaintiff, a California state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against officers and medical staff at Salinas Valley State Prison ("SVSP"), where he was formerly housed.[1] Plaintiff has filed a motion for appointment of counsel. (Docket No. 6.) Plaintiff's motion for leave to proceed in forma pauperis shall be addressed in a separate order.

///

///

---

[1] The matter was reassigned to this Court on September 26, 2019. (Docket No. 8.)

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claims

Plaintiff claims that he has been housed in a cell with hazardous and unsafe weather-related leaks at SVSP, which resulted in him suffering a slip and fall on January 18, 2018, when he stepped into a pool of rain water that had collected on the floor of his cell. (Compl. at 3B.) Plaintiff claims that he had requested Defendant Officer T. Wheeler several times to be moved to a safe cell, but that he was merely given a squeegee to push the water out of his cell. (Id. at 3A.) Plaintiff claims he injured his head, neck, and entire back due to the fall. (Id. at 3B.) Plaintiff claims that the medical care he received thereafter, including pain medication and a cane accommodation, from Defendants Dr. Waheed Ibrahimi, Dr. Rosana Javate, Nurse Riesha Arnet, Dr. Lam, Dr. Heden, Nurse Alfred Valera, Nurse Kirk, Nurse Helen Thornton, and Dr. Darrin Bright amounted to deliberate indifference to serious medical needs. (Id. at 3C, 3F, 3G, 3M-3P, 3Q-3S, 3V-3W, 3X, 3Y.) Plaintiff also claims that Defendants Chief Deputy Warden T. Foss, Captain Celaya, Lt. Ruiz, Sgt. Garcia, Officer Murphy, and Officer T. Wheeler knew about the

unsafe cell conditions and yet continued to expose him to an unreasonable risk of serious harm and deprived him of a basis human need, i.e., "safe and humane shelter free of exposure to unsafe and unsanitary outside elements which resulted in continued injury." (Id. at 3H, 3Z.) Liberally construed, Plaintiff states a cognizable claim under the Eighth Amendment for exposure to unsafe conditions and for deliberate indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); Farmer v. Brennan, 511 U.S. 825, 832 (1994).

Plaintiff alleges generally that the Warden of SVSP and Secretary Scott Kernan knew of the leaking cells prior to his slip and fall and did not condemn the cells. (Compl. at 3Z.) Although the Warden of SVSP could arguably have been aware of the unsafe conditions of the cells because he is in a supervisory position at the prison, there is no explanation as to how Secretary Scott Kernan, who has no involvement in the daily operations of the SVSP, would have known about Plaintiff's circumstances and could have acted. Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. Lemire v. Cal. Dept. of Corrections & Rehabilitation, 726 F.3d 1062, 1085 (9th Cir. 2013); Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633; see, e.g., Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent 8th Amendment violation may be basis for liability). Other than his conclusory accusation, Plaintiff sets forth no facts to support his claim that Secretary Kernan actively participated in the alleged deprivation of his Eighth Amendment rights at SVSP. Accordingly, the claim against Defendant Kernan is DISMISSED for failure to state a claim.

3

C. **Motion for Appointment of Counsel**

Plaintiff has filed a motion for appointment of counsel. (Docket No. 6.) There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981)1; Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), withdrawn in part on other grounds on reh'g en banc, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984). Plaintiff asserts that he is indigent and has limited access to the law library and limited knowledge of the law. (Docket No. 4.) None of these reasons distinguish Plaintiff from other similarly situated pro se incarcerated plaintiffs. Accordingly, Plaintiff's motion for appointment of counsel is **DENIED** without prejudice for lack of exceptional circumstances. See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

**CONCLUSION**

For the reasons state above, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint, all attachments thereto, and a copy of this order upon **Defendants Warden William Muniz, Chief Deputy Warden T. Foss, Capt. Celaya (Facility B), Lt. Ruiz, Sgt. Garcia (Facility B), Correctional Officer T. Wheeler, Correctional Officer Murphy, Dr. Darrin Bright (CP&S), Dr. R. Javate, Nurse Riesha Arnet, Dr. Lam, Dr. Heden, Nurse Alfred Valera, Nurse Helen Thornton, and Nurse Kirk** at the **Salinas Valley State Prison** (P.O. Box 1020, Soledad, CA 93960-1020). The Clerk shall also mail

a copy of this Order to Plaintiff.

The claim against Defendant Scott Kernan has been dismissed. Accordingly, the Clerk shall terminate Defendant Kernan from this action.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the amended complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

3. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable above.

    a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the

5

Court prior to the date the summary judgment motion is due.

  b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See <u>Woods v. Carey</u>, 684 F.3d 934, 940 (9th Cir. 2012).**

  4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

  Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See <u>Ghazali v. Moran</u>, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); <u>Brydges v. Lewis</u>, 18 F.3d 651, 653 (9th Cir. 1994).

  5. Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

  6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

  8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

  9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the

court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

11. Plaintiff's motion for appointment of counsel is DENIED for lack of exceptional circumstances. (Docket No. 6.)

This order terminates Docket No. 6.

**IT IS SO ORDERED.**

**Dated:** 12/5/2019

EDWARD J. DAVILA
United States District Judge

Order of Partial Dismissal and of Service; Deny Atty
PRO-SE\EJD\CR.19\04331Hart_svc&aaty

7