1

2

3

4

5

6

7

8                  UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

| DARRON NYGENE HART, | Case No. 19-04331 EJD (PR) |
|---|---|
| Plaintiff, | **ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |
| v. | |
| SCOTT KERNAN, et al., | |
| Defendants. | (Docket No. 41) |

Plaintiff, a California state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against officers and medical staff at Salinas Valley State Prison ("SVSP"), where he was formerly housed.  After the Court had orders service of the complaint, Plaintiff filed an amended complaint.[1]  Dkt. No. 28.  Because the amended complaint complied with the time provisions under Federal Rule of Civil Procedure 15(a)(a)(A), the Court deemed the amended complaint the operative complaint in this action and stayed briefing until further order from the Court.  Dkt. No. 39.  Plaintiff has filed a second motion for appointment of counsel.  Dkt. No. 41

---

[1] Plaintiff later filed additional exhibits in support of his amended complaint, which the Court need not review at this time.  Dkt. Nos. 34, 38.

**DISCUSSION**

**A.      Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.      Plaintiff's Claims**

Plaintiff claims that he has been housed in a cell with hazardous and unsafe weather-related leaks at SVSP, which resulted in him suffering a slip and fall on January 18, 2018, when he stepped into a pool of rain water that had collected on the floor of his cell. Dkt. No. 28 at 10.  Plaintiff claims that he had requested Defendant Officer T. Wheeler several times to be moved to a safe cell, but that he was merely given a squeegee to push the water out of his cell.  Id. at 9.  Plaintiff claims he injured his head, neck, and entire back due to the fall.  Id. at 10.  Plaintiff claims that the medical care he received thereafter, including pain medication and a cane accommodation, from Defendants Dr. Waheed Ibrahimi, Dr. Rosana Javate, Nurse Riesha Arnet, Dr. Lam, Dr. Heden, Nurse Alfred Valera, Nurse Kirk, Nurse Helen Thornton, and Dr. Darrin Bright amounted to deliberate indifference to serious medical needs.  Id. at 11, 14-15, 20-35.  Plaintiff also claims that Defendants Chief Deputy Warden T. Foss, Captain Celaya, Lt. Ruiz, Sgt. Garcia, Officer Murphy, and Officer T. Wheeler knew about the unsafe cell conditions and

2

yet continued to expose him to an unreasonable risk of serious harm and deprived him of a basis human need, i.e., "safe and humane shelter free of exposure to unsafe and unsanitary outside elements which resulted in continued injury." Id. at 16, 36-37. Liberally construed, Plaintiff states a cognizable claim under the Eighth Amendment for exposure to unsafe conditions and for deliberate indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); Farmer v. Brennan, 511 U.S. 825, 832 (1994).

Lastly, Plaintiff claims that Defendant Scott Kernan was aware of the dangerous weather-related conditions in several of the prisons and had funds to repair them but failed to act. Id. at 36-39. Plaintiff alleges that Defendant Kernan's knowledge of the conditions and his failure to respond reasonably was "callous" and his "acts, actions, or omitting thereof, was 'negligent.'" Id. at 39. Even if it were true that Defendant Kernan was aware of weather-related conditions at various prisons and had funds to address them, his negligence or even gross negligence in failing to act is not actionable under § 1983 in the prison context. See Farmer v. Brennan, 511 U.S. 825, 835-36 & n.4 (1994); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (gross negligence insufficient to state claim for denial of medical needs to prisoner). The applicable standard is one of deliberate indifference to inmate health or safety under the Eighth Amendment, see Farmer, 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 302 (1991). A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety. See Farmer, 511 U.S. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. See id. Here, there is no allegation that Defendant Kernan was personally aware that Plaintiff was facing an excessive risk to his health or safety and that he could have acted but failed to do so. Accordingly, the claim against Defendant Kernan is DISMISSED for failure to state a claim.

**C.**     **Motion for Appointment of Counsel**

Plaintiff has filed a second motion for appointment of counsel.  Dkt. No. 41.  There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981)1; Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), withdrawn in part on other grounds on reh'g en banc, 154 F.3d 952 (9th Cir. 1998) (en banc).  The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984).  Plaintiff asserts that he is indigent, has limited access to the law library, limited knowledge of the law, and that his efforts to obtain an attorney has been thwarted by the prison.  Dkt. No. 41 at 1.  None of these reasons distinguish Plaintiff from other similarly situated pro se incarcerated plaintiffs, and his inability to obtain an attorney on his own does not amount to exceptional circumstances.  Accordingly, Plaintiff's motion for appointment of counsel is **DENIED** without prejudice for lack of exceptional circumstances.  See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

## CONCLUSION

For the reasons state above, the Court orders as follows:

1.     All the Defendants in this action have appeared with counsel, Dkt. No. 33, with the exceptions of Defendants T. Wheeler and Waheed Ibrahimi.  Accordingly, the Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint, Dkt. No. 28, all attachments thereto, and a copy of this order upon **Defendants Correctional Officer T. Wheeler and Dr. Waheed Ibrahimi** at the **Salinas Valley State**

United States District Court
Northern District of California

4

**Prison** (P.O. Box 1020, Soledad, CA 93960-1020**)**.  The Clerk shall also mail a copy of this Order to Plaintiff.

The claim against Defendant Scott Kernan has been dismissed.  Accordingly, the Clerk shall terminate Defendant Kernan from this action.

2.      Defendants Wheeler and Ibrahimi are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the amended complaint.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty  (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

3.      No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable above.

a.      Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the

opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

      b.     **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  <u>See Woods v. Carey</u>, 684 F.3d 934, 940 (9th Cir. 2012).**

    4.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

    Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  <u>See</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); <u>Brydges v. Lewis</u>, 18 F.3d 651, 653 (9th Cir. 1994).

    5.     Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

    6.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    7.     All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

    8.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

United States District Court
Northern District of California

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

11. Plaintiff's motion for appointment of counsel is DENIED for lack of exceptional circumstances. Dkt. No. 41.

This order terminates Docket No. 41.

**IT IS SO ORDERED.**

**Dated:**   7/6/2020

EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California

Order of Partial Dismissal and of Service; Deny Atty
PRO-SE\EJD\CR.19\04331Hart_svc&aaty

7